# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF PUERTO RICO

**JANNETTE HERNANDEZ-MENDEZ,**

**Plaintiffs**

**v.**                                                    CIVIL NO. 15-1147 (GAG)

**BENJAMIN RIVERA, et al.,**

**Defendants.**

## OPINION AND ORDER

Jannette Hernández-Méndez ("Plaintiff") filed this action against the Commonwealth of Puerto Rico and the Family Department of the Commonwealth of Puerto Rico (collectively "Commonwealth Defendants"), Benjamin Rivera ("Rivera") and Marisel Rodríguez ("Rodríguez") in their personal and official capacities, as supervisor-employees of the Family Department of the Commonwealth of Puerto Rico (hereinafter "Individual Defendants") (collectively "Defendants"), seeking redress for alleged violations of anti-discrimination and anti-retaliation statutes during her employment with the Family Department of the Commonwealth of Puerto Rico, specifically, Plaintiff brings claims of sexual discrimination, hostile work environment, sexual harassment and retaliation. (Docket No. 1).  This action was brought pursuant to Title VII of the Civil Rights Act of 1994, 42 U.S.C. § 2000e *et. seq.* ("Title VII") and the Civil Rights Act of 1991, 42 U.S.C. §§ 1981a, 1983 and 1988.  Id.  Plaintiff also invokes this court's supplemental jurisdiction to adjudicate parallel claims pursuant to laws of Puerto Rico: Law 17 of April 1988, P.R. LAWS ANN. tit. 29, §§ 155-155m (sexual harassment) ("Law 17"); Law 69 of July 6, 1985, P.R. LAWS ANN. tit. 29, §§ 1321-1341 (gender discrimination) ("Law 69"); Law No. 115 of December 20, 1991, 29

Civil No. 15-1147 (GAG)

P.R. Laws Ann. tit. 29, § 194a, *et seq*. (retaliation) ("Law 115").  (Docket No. 1).  Pending before the court is Defendants' Motion to Dismiss at Docket No. 11.

For the following reasons, after reviewing the pleadings and pertinent law, the court hereby **GRANTS in part and DENIES in part** Defendant's motion to dismiss at Docket No. 11.

## I.    Standard of Review

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, <u>see</u> Fed. R. Civ. P. 12(b)(6), the court analyzes the complaint in a two-step process under the current context-based "plausibility" standard established by the Supreme Court.  See <u>Schatz v. Republican State Leadership Comm.</u>, 669 F.3d 50, 55 (1st Cir. 2012) (citing <u>Ocasio-Hernández v. Fortuño-Burset</u>, 640 F.3d 1, 12 (1st Cir. 2011) which discusses <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) and <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007)).  First, the court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements."  <u>Id.</u>   A complaint does not need detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Iqbal</u>, 556 U.S. at 678-79.  Second, the court must then "take the complaint's well-[pleaded] (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief."  <u>Schatz</u>, 669 F.3d at 55.  Plausible, means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels the court to draw on its judicial experience and common sense.  <u>Id.</u> (citing <u>Iqbal</u>, 556 U.S. at 678-79).  This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.  <u>Twombly</u>, 550 U.S. at 556.

2

Civil No. 15-1147 (GAG)

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).  If, however, the "factual content, so taken, 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility."  Ocasio-Hernández, 640 F.3d at 12 (quoting Iqbal, 556 U.S. at 678).

## II.   Relevant Facts and Procedural Background

Janette Hernández-Méndez, of legal age and resident of Moca, began working for the Family Department of the Commonwealth of Puerto Rico on February 1, 1994.  (Docket No. 1 at ¶¶ 7, 13).  On April 1, 2013, she was transferred to the Family Department's Aguadilla I Office where she was designated secretary and auxiliary collector.  Id. ¶ 13.  Her immediate supervisor was Rivera, director of the Aguadilla I Office where Plaintiff worked at the time of the incidents alleged in her complaint.  Id. ¶ 15.  In turn, Rivera's immediate supervisor was Rodríguez, regional director overseeing the Aguadilla I Office.  Id. ¶¶ 16; 21.  According to Plaintiff, she always performed her work and duties in a satisfactory manner.  Id. ¶ 14.

Sometime on or around March/April 2013, Rivera allegedly began to sexually harass Plaintiff.  Id. ¶ 17.  The first incident occurred when Rivera asked Plaintiff about her marital status, to which she responded that she was, at the time, separated from her husband.  Id. ¶ 18.  Rivera then asked if she had a boyfriend, and the Plaintiff answered in a "firm and upset" manner that she did not and left the area of Rivera's office.  Id. ¶ 18.

A few days later, Rivera approached the Plaintiff while she was at her desk and asked her about her age.  Id. ¶ 19.  Plaintiff responded that she was forty years old and Rivera got closer to her and whispered in her ear "you look hot for your age."  Id. ¶ 19.  This prompted the Plaintiff to

Civil No. 15-1147 (GAG)

feel uncomfortable and move to another desk, abandon her post as Rivera's secretary and focus on her other job as auxiliary collector.  (Docket No. 1 at ¶ 20).  In addition, when Plaintiff was fetching documents Rivera had requested, Rivera intentionally approached the Plaintiff from behind and she felt him rub against her back and gluteus.  Id. ¶ 21.  This latter incident caused Plaintiff to feel sufficiently shocked and humiliated that she began to cry.  Id. ¶ 21.  Upon the suggestion of a co-worker, and after conferring with a local union representative, she decided to discuss Rivera's harassment with Rodríguez, the Family Department's Regional Director and Rivera's immediate supervisor.  Id. ¶¶ 21-22.  Rodríguez asked the Plaintiff if she wished to file a complaint against Rivera and Plaintiff answered in the affirmative.  Id. ¶ 23.

After her meeting with Rodríguez, Plaintiff alleges returned to her desk and discovered that everyone in her office had already been told by Rivera that she had filed a complaint against him and that Rodríguez was the one who told him.  Id. ¶ 24.  Plaintiff avers that was also informed by a co-worker that she was going to be transferred, which appeared to be a clear indication that Rodríguez had not believed her and was siding with Rivera.  Id. ¶ 25.  According to Plaintiff, no action was taken against Rivera and Plaintiff was not called in for an interview after filing her complaint, her complaint was not investigated in violation on proper procedural guidelines and this amounted to Rodríguez's "condo[ning]" Rivera's behavior and forcing Plaintiff to work under a hostile work environment.  Id. ¶ 25-27.  Plaintiff's complaint to Rodríguez was, allegedly, not confidently kept and, instead, Rivera was immediately informed about it and, in turn, he told Plaintiff's co-workers.  Id. ¶ 27.  Defendants allegedly retaliated against Plaintiff's actions and complaint to the regional supervisor by transferring her to another office location, instead of letting her remain in her current office.  Id. ¶ 29.  Because of the incidents just described, Plaintiff sustains that she suffered emotional harm and had to seek psychological treatment.  Id. ¶ 30.

4

**Civil No. 15-1147 (GAG)**

Prior to this action, Plaintiff filed an administrative proceeding before the Equal Employment Opportunity Commission ("EEOC") on November 11, 2013 where she alleged she suffered sexual harassment and retaliation. (Docket No. 1 at ¶ 4). The EEOC mailed the Plaintiff a Notice of her Right to Sue on November 24, 2014, received by the Plaintiff on November 28, 2014. Id. ¶ 5. Plaintiff filed this action within 90 days of receiving said Notice on February 19, 2015. Id. ¶ 6. A certified translation of the Plaintiff's complaint to the EEOC, submitted to the record by Defendants as Exhibit 1, was filed with this court. (See Docket No. 16-1).

To be sure, the substance and structure of the Plaintiff's complaint leaves this court with want of a better structure and clearer arguments on her part. Nevertheless, this court was able to identify five substantive causes of action after carefully parsing through the complaint. First, Plaintiff alleges she was sexually harassed by Rivera, and Rodríguez's and the Commonwealth Defendant's failure to subsequently act on her complaints was tantamount to forcing Plaintiff to endure a hostile work environment in violation of Title VII. (Docket No. 1 at ¶¶ 32-34). Second, Plaintiff alleges that the Defendants are strictly liable the alleged sexual harassment she endured from Rivera and the subsequent acts and omissions of Rodríguez, his supervisor, in violation to Puerto Rico Law 17. Id. at ¶¶ 35-39. Third, the Plaintiff alleges that Defendants are liable for gender discrimination and retaliatory acts in violation of Puerto Rico Law 69. Id. at ¶¶ 40-42. Fourth, Plaintiff alleges that on account of her seeking administrative redress regarding the alleged sexual harassment from Rodríguez, Rivera's regional supervisor, Defendants retaliated by transferring Plaintiff to another office in violation of Title VII. Id. at ¶¶ 43-45. Fifth, as with the fourth substantive cause of action, Plaintiff alleges that Defendants are liable for retaliatory acts in violation of Puerto Rico Law 17, Law 69 and Law 115. Id. at ¶¶ 46-48. Plaintiff's complaint also includes an alleged sixth cause of action. (See Docket No. 1 at ¶¶ 49-51). This appears to be an

Civil No. 15-1147 (GAG)

attempt to plead a cause of action under 42 U.S.C. § 1983, or so this court presumes.  However, as this court will explain in further detail below, Plaintiff failed to adequately plead the elements of a § 1983 cause of action and the Defendant's motion to dismiss this count is granted.  For each of the claims outlined above, the Plaintiff cast a broad net of alleged liability encompassing both the Individual and Commonwealth Defendants.

Defendants timely moved to dismiss some of the Plaintiff's claims pursuant to FED. R. CIV. P. 12(B)(6).  (Docket No. 11).  Defendants move to dismiss Plaintiff's gender discrimination (sexual harassment) claim under Title VII arguing that the alleged incidents of sexual harassment do not amount to the required level of severity or pervasiveness for a colorable claim under Title VII.  Id. at 6-12.  Moreover, with regards to the Title VII count, the Individual Defendants also moved to dismiss both the retaliation and sexual harassment claims on the ground that Title VII does not recognize individual liability.  Id. at 7-8.  In addition, Defendants moved to dismiss Plaintiff's claims under 42 U.S.C. § 1983 ("Section 1983") on two grounds: (i) Plaintiff failed to state in her complaint any cognizable claim under Section 1983 and (ii) Plaintiff failed to toll the statute of limitations for Section 1983 claims.  Id. at 15-18.

With respect to the supplemental claims under Puerto Rico law, the Commonwealth Defendants moved to dismiss all claims under Law 17, Law 69 and Law 115 against the Commonwealth Defendants and the Individual Defendants, acting in their official capacity, on Eleventh Amendment sovereign immunity grounds.  Id. at 18-21.  The Individual Defendants also moved to dismiss local law claims under Law 17 and Law 69, arguing that they were not put on adequate notice of the pending claims and the statute of limitations of these claims therefore expired, and claims under Law 115 on account that it only addresses the liability of employers, not employees or supervisors.  (Docket No. 11 at 12-15).

**Civil No. 15-1147 (GAG)**

Plaintiff timely filed a Response in Opposition to Defendant's Motion to dismiss countering the majority of the Defendant's arguments on various grounds.  (See Docket No. 17). In particular, Plaintiff argues that she successfully pleaded the Title VII claims, Id. at 3-8, that Law 115 provides liability for employees and supervisors, Id. at 9, that her filing of an EEOC complaint put the Individual Defendants on notice of her claims and tolled the applicable statute of limitations, Id. at 10-11, and that her Section 1983 claims are not time-barred.  Id. at 11-13.  In turn, Defendants replied, specifically seeking to clarify their arguments Plaintiff's Section 1983 claims and emphasizing that their argument rests on both inadequate pleadings and tolling grounds.  (See Docket No. 20).

**III.    Discussion**

**A.  Plaintiff's Hostile Work Environment Claim Under Title VII**

Defendants move to dismiss the hostile work environment claim (sexual harassment) on the ground that the factual allegations within Plaintiff's complaint do not rise up to the level of conduct that is sufficiently severe or pervasive to be actionable under Title VII.  (See Docket No. 11 at 6).  Title VII prohibits employers from discriminating "against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).  There are various types of actionable sexual harassment claims recognized under Title VII: *quid pro quo* harassment claims, hostile work environment claims, and retaliation claims.  See Acevedo Torres v. Arecibo, 857 F. Supp. 2d 231, 234 (D.P.R. 2012);  Valentin-Almeyda v. Municipality of Aguadilla, 447 F.3d 85, 94 (1st Cir. 2006).  Plaintiff's complaint basically alleges that as a result of the sexual harassment she suffered from Rivera, Rodríguez's failure to investigate the matter after she complained and her being transferred to another office due to her having complained to

**Civil No. 15-1147 (GAG)**

Rodríguez, she had to endure working in a hostile work environment.  (See Docket No. 1 at 6-12).  As a matter of law, "[w]hen harassment follows hard on the heels of protected activity," a universe of activities that includes Plaintiff's alleged conduct that consisted of complaining to her regional supervisor about sexual harassment and seeking internal administrative redress, "the timing often is strongly suggestive of retaliation."  See Noviello v. City of Boston, 398 F.3d 76, 86 (1st Cir. 2005).  Furthermore, the First Circuit held "that, under Title VII, the creation and perpetuation of a hostile work environment can comprise a retaliatory adverse employment action under [Title VII]."  Id.

The Supreme Court has held that discrimination "because of ... sex" also includes "requiring people to work in a discriminatorily hostile or abusive environment."  Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993).  For a complaint to sufficiently state a viable Title VII hostile work environment claim, a plaintiff must sufficiently allege: (1) that she (or he) is a member of a protected class; (2) that she was subjected to unwelcome sexual harassment; (3) that the harassment was based upon sex; (4) that the harassment was sufficiently severe or pervasive so as to alter the conditions of plaintiff's employment and create an abusive work environment; (5) that sexually objectionable conduct was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and the victim in fact did perceive it to be so; and (6) that some basis for employer liability has been established. See Acevedo Torres, 857 F. Supp. 2d at 234-5 (quoting Forrest v. Brinker Intern. Payroll Co., LP, 511 F.3d 225, 228 (1st Cir. 2007) (internal quotations omitted)).

Defendants essentially argue that Plaintiff's complaint does not establish conduct constituting sexual harassment that is sufficiently severe or pervasive for Title VII liability to attach.  (See Docket No. 11 at 10).  In other words, Defendant's focus their attacks on Plaintiff's

**Civil No. 15-1147 (GAG)**

allegations by arguing that prong four (4) of the hostile work environment framework has not been met.  Even after recognizing that the First Circuit has been clear in stating that there is "no mathematically precise test" to evaluate evidence of an alleged hostile work environment, Defendants nevertheless argue that the three incidents described within Plaintiff's complaint do not rise to the required level of severity and pervasiveness and that, in any case, the First Circuit has heard before it cases where the alleged behavior was "more gruesome" and yet insufficient to justify Title VII liability.  (See Docket No. 11 at 11, discussing Kosereis v. Rhode Island, 331 F.3d 207, 216 (1st Cir. 2003) and Chamberlin v. 101 Realty, Inc., 915 F.2d 777, 783 (1st Cir. 1990)).

To wit, Plaintiff alleges that Rivera's sexual harassment began when Rivera asked her about her marital status and whether she was in a relationship.  (Docket No. 1 at 3, ¶ 3).  A couple of days later, Rivera asked Plaintiff her age and subsequently whispered in her ear "you look hot for your age," prompting Plaintiff to feel uncomfortable, leave her desk and concentrate on her other work responsibilities. Id. at 4, ¶ 19-20.  Finally, Plaintiff alleges that Rivera pressed his body against her and rubbed her "gluts" (sic), prompting her to feel humiliated and cry.  Id. at ¶ 21.  Defendants counter each of these allegations by characterizing each alleged event as "harmless and totally innocuous", "expressing admiration at her good looks", and merely a "single occasion" of groping not sufficiently severe or pervasive.  (See Docket No. 11 at 11).

As a threshold matter, the severe or pervasive inquiry is highly fact specific.  Marrero v. Goya of P.R., Inc., 304 F.3d 7, 19 (1st Cir. 2002).  To assess whether conduct is sufficiently severe or pervasive to create a hostile environment, the court must consider the totality of the circumstances.  See Figueroa García v. Lilly del Caribe, Inc., 490 F. Supp. 2d 193, 204 (D.P.R. 2007).  When characterizing a hostile or abusive workplace, courts have "drawn a continuum

**Civil No. 15-1147 (GAG)**

between commonplace indignities and actionable harassment." Id.  A court has some latitude in

evaluating the conduct in question, and should consider factors such as "the frequency of the

discriminatory conduct; its severity; whether it is threatening or humiliating, or merely an

offensive utterance; and whether it unreasonably interferes with the employee's work

performance." Harris, 510 U.S. at 21.  "Subject to some policing at the outer bounds, it is for the

jury to weigh [the] factors and decide whether the harassment was of a kind or to a degree that a

reasonable person would have felt that if affected the conditions of her employment." Id.

(internal quotations omitted).  Nevertheless, "[t]he existence of a hostile environment is

determined by the finder of fact, though . . . that does not prevent a court from ruling that a

particular set of facts cannot establish a hostile environment as a matter of law in an appropriate

case." Billings v. Town of Grafton, 515 F.3d 39, 47 (1st Cir. 2008) (internal citations omitted);

Gorski v. N.H. Dep' t of Corr., 290 F.3d 466, 474 (1st Cir. 2002).

The Defendants may be ultimately correct in that the alleged conduct is neither severe nor

pervasive enough to warrant hostile work environment (sexual harassment) liability under Title

VII, but this court disagrees with the notion that, at this point of the proceeding, more is required

from the Plaintiff and her initial pleadings.  A cursory read of Plaintiff's complaint and factual

allegations, see Docket No. 1, describe a pattern of conduct that could well reveal that sexual

harassment occurred and Plaintiff's conduct before pertinent authorities subsequently led to her

being subjected to a hostile work environment.  Holding otherwise would be akin to requiring that

a potential plaintiff embellish their facts and ignore the pragmatic underpinning of pleading

standards.  The pleadings stage should avoid becoming Kabuki theatres more than they already

are.  What is ultimately important is that Plaintiff's complaint gives Defendants notice of the set

Civil No. 15-1147 (GAG)

grounds on which her claim for relief rest.  Thus, this court believes that Plaintiff has successfully pleaded a set of facts that satisfy the pleading requirements under Rule 12(b)(6).

Viewing the complaint's allegations in the light most favorable to Plaintiff, the court concludes that they are sufficient to withstand a Rule 12(b)(6) motion to dismiss.  It remains to be seen whether Plaintiff can demonstrate conduct sufficiently severe or pervasive to support her sexual harassment claim and it may ultimately be a question of fact for a jury to decide.  Her allegations, however, are sufficient to state a claim upon which relief can be granted and survive the motion to dismiss stage.  Accordingly, the court **DENIES** Defendants' motion to dismiss Plaintiff's sexual harassment, hostile work environment claim under Title VII.

### B.  Individual Liability under Title VII

Defendants next moves to dismiss Plaintiff's Title VII gender discrimination and retaliation claims against the Individual Defendants, in their personal capacity, on the ground that Title VII does not provide a legal remedy against individuals.  (Docket No. 11 at 7-8).  Plaintiff conceded this point.  (Docket No. 17 at 8).  This court separately notes that the First Circuit has held that there is no individual liability under Title VII.  See Reyes-Ortiz v. McConnell Valdes, 714 F.  Supp. 2d 234, 238 (D.P.R. 2010) (discussing Fantini v. Salem St. Coll., 557 F.3d 22, 31 (1st Cir. 2009)).  Accordingly, the court **GRANTS** Defendants' motion to dismiss with prejudice Plaintiff's gender discrimination and retaliation claims under Title VII against the Individual Defendants in their personal capacity.

### C.  Section 1983

Defendants move to dismiss Plaintiff's monetary and injunctive claims under Section 1983 on two substantive grounds. First, they argue that Plaintiff failed to state any claim that Defendants violated her constitutional rights pursuant to Section 1983. (Docket No. 11 at 15-18.)

11

Civil No. 15-1147 (GAG)

Second, Defendants argue that notwithstanding the Plaintiff's inadequate pleading, Plaintiff's Section 1983 is time-barred because she failed to toll the applicable statute of limitations. Id. at 18. This court agrees with both arguments and explains the analytical basis for each in turn.

### i. Plaintiff Failed to State a Cognizable Section 1983 Claim

Section 1983 "affords redress against a person who, [acting] under color of state law, deprives another person of any federal constitutional or statutory right." Medina-Medina v. P.R., 769 F. Supp. 2d 77, 82 (D.P.R. 2011); see also Omni Behavioral Health v. Miller, 285 F.3d 646, 650–651 (8th Cir. 2002) (citing City of Okla. City v. Tuttle, 471 U.S. 808, 816 (1985)).  Section 1983 does not confer substantive rights, but provides a venue for vindicating federal rights elsewhere conferred.  See Graham v. M.S. Connor, 490 U.S. 386, 393–394 (1989).  Put another way, it creates "no independent substantive right, but rather, provides a cause of action by which individuals may seek money damages for governmental violations of rights protected by federal law." Cruz-Erazo v. Rivera-Montanez, 212 F.3d 617, 621 (1st Cir. 2000).

In both their Motion to Dismiss and Reply to Response in Opposition to Motion to Dismiss, Defendants argue that Plaintiff's Section 1983 claims should be dismissed because she failed to include any claim that her rights had been violated per 42 U.S.C. § 1983.  In assessing whether or not the Plaintiff included a Section 1983 claim in the face of her complaint, the First Circuit looks at the "substance and structure" of the complaint.  See Cortes-Rivera v. Dept. of Corr., 626 F.3d 21, 28 (1st Cir. 2010).  With this approach is mind, Courts should proceed to follow the "more prudent course." Morales-Vallellanes v. Potter, 339 F.3d 9, 15 (1st Cir. 2003). To be sure, a Plaintiff may validly plead a cognizable claim that she suffered discrimination and retaliation pursuant to Title VII under Rule 8's liberal notice pleading requirement even if she "fail[ed] to cite any statutory basis for relief." Id.  Nevertheless, the structure and substance of

**Civil No. 15-1147 (GAG)**

Plaintiff's complaint and, for that matter, subsequent Response (Docket No. 17), lead this court to conclude that Plaintiff did not assert a cognizable claim under Section 1983.

Plaintiff divides the counts of her complaint into six causes of action. See Docket No. 1 at 6-8. Counts One through Five clearly identify the particular statutory basis for relief that the Plaintiff is invoking. Id. The sixth proffered cause of action does not invoke any statutory or constitutional basis for relief and merely includes the conclusory statement that "Defendant's conduct constitutes a wanton and callous disregard for Hernandez-Mendez' [sic] federally protected rights" and are therefore liable for punitive damages. (Docket No. 1 at 8, ¶ 50). Elsewhere within the four corners of Plaintiff's complaint, Section 1983 is mentioned only in passing twice. Both times, fleeting references to Section 1983 are included as part of a list of statutes in the introductory parts of the complaint with no further effort to, at the very least, flush out the substantive elements of a Section 1983 cause of action. (See Docket No. 1 at 1, ¶ 1; 2, ¶ 2).

"It is well settled that in order for a claim to be cognizable under section 1983, a plaintiff must plead and prove three elements: (1) that the defendant acted under color of state law; (2) that the plaintiff was deprived of federally protected rights, privileges, or immunities; and (3) that the defendant's alleged conduct was causally connected to the plaintiff's deprivation." See Vizcarrondo v. Bd. of Tr. Univ. of P.R., 139 F. Supp. 2d 198, 206 (D.P.R. 2001) (internal citations omitted). Based on the pleadings submitted to this court, no amount of arid speculating sheds light on exactly which federal constitutional or statutory right Plaintiff claims was violated. "A fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to afford the opposing party fair notice of the claims asserted against him and the grounds on which those claims rest." Rodríguez v. Doral Mortg. Corp., 57 F.3d 1168, 1171 (1st Cir. 1995). Plaintiff

Civil No. 15-1147 (GAG)

makes no attempt to identify the grounds on which a Section 1983 claim would stand and neither courts, nor Defendants, for that matter, should not be expected to flip through the pages of a complaint as if reading Section 1983 tea leaves.  Therefore, this court agrees with Defendants and holds that Plaintiff did not assert a legal basis for a Section 1983 claim.

### ii.  Plaintiff's Section 1983 Claims Are Time-Barred

Even if this court were to hold that Plaintiff stated a cognizable claim under Section 1983, Defendants argue that these claims are now time-barred.  (Docket No. 11 at 15-18).  Plaintiff counters that the applicable statute of limitations for a Section 1983 claim should be tolled by the filing of Title VII administrative proceeding before the EEOC.  (Docket No. 17 at 12-13).  To date, the First Circuit and the Puerto Rico Supreme Court have not ruled definitively on this matter and this remains an open question of law.

Section 1983 does not supply a statute of limitations for itself.  See Rodríguez Torres v. Muniz Gonzalez, 898 F. Supp. 2d 433, 436 (D.P.R. 2012).  However, the Supreme Court held that courts must generally borrow the forum state's limitations period governing personal injury actions.  (See Wilson v. García, 471 U.S. 261, 266 (1985)).  Therefore, Puerto Rico's very own statute of limitations governs suits in federal courts arising under Section 1983.  Benitez-Pons v. Com. of Puerto Rico, 136 F. 3d 54, 59 (1st Cir. 1998).  In Puerto Rico, the applicable limitation period for intentional tort actions is one year.  P.R. LAWS ANN. tit. 31 § 5141; see also Carreras-Rosa v. Alves-Cruz, 127 F.3d 172, 174 (1st Cir. 1997); Torres v. Superintendent of Police, 893 F.2d 404, 406 (1st Cir. 1990).  Accordingly, federal courts sitting in Puerto Rico must apply the one-year personal injury statute of limitations for tort actions when adjudicating Section 1983 claims.  See Rodríguez-Garcia v. Municipality of Caguas, 354 F.3d 91, 96 (1st Cir. 2004); Guzman-Rivera v. Rivera-Cruz, 29 F.3d 3, 4–5 (1st Cir. 1994).

Civil No. 15-1147 (GAG)

Federal law, however, determines the date on which the claim *accrued*.  Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 353 (1st Cir. 1992); United States v. Kubrick, 444 U.S. 111 (1979).  The limitations period begins to run "one day after accrual" which is the date when the plaintiff "knows or has reason to know of the injury which is the basis for his claim."  Benitez-Pons, 136 F.3d at 59; Rodríguez-Garcia, 354 F.3d at 96-97 (citing Rodríguez Narvaez v. Nazario, 895 F.2d 38, 41 n. 5 (1st Cir. 1990).  See also Ramos v. Roman, 83 F. Supp. 2d 233, 238 (D.P.R. 2000).  In an employment setting, the statute of limitations applicable is one year from the date that the employee is notified in writing of his/her discharge or on the date of the alleged Section 1983 violation.  Rodríguez Torres, 898 F. Supp. at 437; see also Chardon v. Fernandez, 454 U.S. 6, 7 (1982).

Here, Plaintiff was never discharged nor did she voluntarily quit.  Plaintiff claims the alleged acts of sexual harassment began in March/April 2013 and hostile work environment continued until, presumably, although not entirely clear from the complaint, she was transferred out of the Aguadilla I office in May 2013.  (See Docket No. 17 at 12).  Even if not dispositive for the purposes of this immediate tolling analysis, this court considers that the limitations period for Plaintiff's Section 1983 claims began to run no later than May 2013, when Plaintiff was transferred out of the Aguadilla I Office and was presumably no longer exposed to a hostile work environment.  All things being equal, Plaintiff would be time-barred from asserting a Section 1983 claim absent tolling of the claim per Puerto Rico law.  More than a year has passed between May 2013 and the filing of this action on February 19, 2015.  To save her claim, Plaintiff argues that the filing of an extrajudicial claim, in the form of a Title VII proceeding before the EEOC, tolled the Section 1983 statute of limitations.  This strategy is unavailing.

15

Civil No. 15-1147 (GAG)

It is well settled that tolling of the Section 1983 statute of limitations is a matter of state law.  See, e.g., Benitez-Pons, 136 F.3d at 59;  Torres, 893 F.2d at 407.  Under the Puerto Rico Civil Code, the filing of an extrajudicial claim toll the statute of limitations.  P.R. LAWS ANN. tit. 31, § 5303 (1991); Benitez-Pons, 136 F.3d at 59.  However, for an extrajudicial claim to toll a statute of limitations on a judicial claim, both causes of action and the relief requested must be the same.  Tit. 31, § 5303;  see Id. at 54.  Put in other words, the extrajudicial claim must be "identical" to the claim actually filed in court.  Id at 59.

The First Circuit held that to be "identical" the claims asserted in the subsequent action: (1) "must seek the same form of relief" as the first action; (2) "must be based on the same substantive claims"; and (3) "provided that other Puerto Rico tolling statutes do not rescue the claims on other grounds . . . must be asserted against the same defendants in the same capacities; new defendants should not be added."  Rodríguez v. Suzuki Motor Corp., 570 F.3d 402, 409 (1st Cir. 2009).  See Rodríguez-Garcia, 354 F.3d at 98.[1]  "[T]he tolling is effective with regard only to identical causes of action.  The statute of limitations is not tolled for all claims arising out of the same facts. . . ." Fernandez v. Chardon, 681 F.2d 42, 49 (1st Cir. 1982).  In other words, "to toll the statute the action must be the case at bar, and not merely a somewhat related action arising from the same facts," Ramirez de Arellano v. Alvarez de Choudens, 575 F.2d 315, 320 (1st Cir. 1978).  If these requirements are met, the filing of a complaint results in the statute of limitations running anew from the time that action comes to a definite end.  Rodríguez-Garcia, 354 F.3d at 97.

---

[1]  The Supreme Court of Puerto Rico has approved this identicality requirement. Rodriguez-Garcia, 354 F.3d at 97.  See Cintron v. Estado Libre Asociado de P.R., 27 P.R. Offic. Trans. 582, 127 P.R. Dec. 582 (1990) (holding that a timely filed extrajudicial claim did not toll the statute of limitations for a suit in the Puerto Rico courts because it did not "pursue identical claims").

**Civil No. 15-1147 (GAG)**

A pause is warranted to discuss the underlying policy behind this rule.  This identicality requirement serves to prevent plaintiffs from circumventing the notice function of the statutes of limitations by asserting different claims in belated federal court complaints.  See Suzuki Motor Corp., 570 F.3d at 409; Rodríguez Narvaez, 895 F.2d at 43 (holding that statutes of limitations exist to prevent defendants from being surprised by long-dormant causes of action). An extrajudicial letter must give fair notice of the claims that are subsequently raised.  Santana-Castro v. Toledo-Davila, 579 F.3d 109, 115 (1st Cir. 2009).  Plaintiff may not sidestep the statute of limitations' inherent role as a provider of notice by asserting different claims in belated federal court complaints.  See Torres-Santiago v. Diaz-Casiano, 708 F. Supp. 2d 178, 185 (D.P.R. 2009). "[T]olling provisions [are] interpreted restrictively against the person invoking their protection," the requirements for making an extrajudicial claim are strict.  Nieves-Vega v. Ortiz-Quiñones, 443 F.3d 134, 137 (1st Cir. 2006); see also Rodríguez Narváez, 895 F.2d at 43.

Plaintiff argues that her Title VII claim before the EEOC is sufficiently identical to her Section 1983 claims before this court.  She reasons that because courts employ similar analytical framework for adjudicating Title VII and Section 1983 claims, and both claims arise out of the same "nucleus of operative fact", this court should hold that the applicable statute of limitations was tolled.  (See Docket No. 17 at 13).  This court disagrees.  The Supreme Court of Puerto Rico already zeroed in on the element of jurisdiction as a pivotal issue to answering this question and held that the statute of limitation for tort actions is not tolled by the filing of administrative actions in so far as the administrative agency has no jurisdiction over tort claims.  Iravedra v. Pub. Bldgs. Auth., 283 F. Supp. 2d 570, 577 (quoting Cintron v. E.L.A., 127 P.R. Dec. 582, 595-96 (1990).  It is therefore of no consequence that the Section 1983 claims arose, or may have arisen, from the same sequence of events that gave rise to the administrative complaint before the EEOC.

17

Civil No. 15-1147 (GAG)

See Iravedra at 577.   Plaintiff's argument is defeated by the fact that the EEOC has "no jurisdiction over claims brought pursuant to § 1983."   Sifre v. Department of Health, 38 F. Supp. 2d 91, 96 (D.P.R. 1999) (citing Leon–Nogueras v. Univ. of P.R., 964 F. Supp. 585, 587 (D.P.R. 1997)).

Accordingly, this court **GRANTS** Defendants' motion to dismiss Plaintiff's Section 1983 claims.

### D.  Supplemental State Law Claims

Based on the same factual allegations supporting her Title VII claims, Plaintiff asserts a cause of action against Defendants under Puerto Rican law.  (See Docket No. 1).  Specifically, she alleges claims: Law 17 (sexual harassment); Law 69 (gender discrimination); Law 115 (retaliation). Defendants argue that these supplemental sexual harassment (hostile work environment) and retaliation claims should be dismissed on the following grounds: (1) Plaintiff failed to notify the Individual Defendants in their personal capacity of her claims under Law 17 and Law 69 and, as a result, these claims are now time-barred, (2) the Individual Defendants are not subject to the provisions of Law 115 because it only applies to employers, and (3) the Commonwealth Defendants and Individual Defendants in their official capacities are immune from lawsuits seeking damages due to Eleventh Amendment Sovereign Immunity.  (See Docket No. 11).  This court addresses each of these arguments as set forth in turn.

### i.  Individual Defendants and Law 17 and Law 69

Defendants posit that Plaintiff's claims against the Individual Defendants in their personal capacity pursuant to Law 17 and Law 69 are time-barred because the EEOC claims were addressed to the Individual Defendants in their *official* capacity, not their *personal* capacity, and

Civil No. 15-1147 (GAG)

therefore failed to toll the applicable statute of limitations for lack of notice.[2]  (See Docket No. 11 at 14-15, 22).  Plaintiff counters that a "simple reading" the EEOC administrative complaint (See Docket No. 16-1) reveals that it was sufficiently detailed to put Rivera and Rodríguez on notice about the pending claims and that it's unreasonable to argue that the Individual Defendants were not aware of these claims that could be lodged against them in their personal capacity.  (See Docket No. 17 at 11). Notwithstanding thin arguments on both sides, this court is not persuaded by Defendants' argument.

Under Puerto Rico's tolling provision, found in Article 1873 of the Civil Code, P.R. LAWS ANN. tit. 31, § 5303, "[p]rescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgement of the debt by the debtor."  It is comfortably settled that an EEOC administrative proceeding is an "extrajudicial claim" for the purposes of Puerto Rico's tolling provision.  E.g. Matos-Molero, 132 P.R. Dec. 470 (P.R. 1993).  In grappling with the amorphous jungle of Civil Code terminology, the Supreme Court of Puerto Rico's was able to give teeth to the term "extrajudicial claim" with their endorsement of a Spanish commentator's explanation.  "In principle, claim stands for demand or notice.  That is: it is an act for which the holder of a substantive right, addresses the passive subject of said right, demanding that he adopt the required conduct.  The claim, then, is a pretension in a technical sense."  Rodríguez-Narváez, 895 F.2d 38, 44 (1st Cir. 1990) (internal

---

[2] Plaintiff correctly asserts that Defendants failed to argue that their supplemental claims under Law 17 and Law 69 should be dismissed along with Plaintiff's Title VII sexual harassment claims.  (See Docket No. 17, 10 n.1).  A subsequent response filed *after* the Plaintiff raised this point did not address these claims either. (See Docket No. 20).  The First Circuit has held that Title VII precedent is used in construing the analogous Puerto Rican laws. Hernandez-Loring v. Universidad Metropolitana, 233 F.3d 49, 56 (1st Cir. 2000).  Regardless, this court denied Defendants' motion to dismiss Plaintiff's Title VII and, as such, would have held the same had this point been adequately argued.

**Civil No. 15-1147 (GAG)**

citations omitted).  Ensuring that adequate notice to a potential defendant was provided should, therefore, be one of the most important goals of the foregoing analysis.

The filing of an EEOC complaint alleging sex discrimination in violation of Title VII normally tolls the statute of limitations on equivalent Puerto Rico law claims.  Huertas-Gonzalez v. Univ. of P.R., 520 F. Supp. 2d 304, 316–17 (D.P.R. 2007).  The First Circuit has applied this principle to both Law 17 and Law 69 claims.  Valentín-Almeyda, 447 F.3d 85 at 101 (citing Tit. 31, § 5303) (tolling a Law 17 claim); see also Gerald v. Univ. of P.R., 707 F.3d 7, 27 (1st Cir. 2013).  In prior cases, this court has taken a strict, somewhat structural approach in construing this notice requirement and required that the extrajudicial claim be "personally notified to the defendant if it is to have a tolling effect."  Leon-Nogueras, 964 F. Supp. at 588.  In practice, prior courts have looked to the record and made a judgment call on the extent a particular defendant was adequately put on notice of the pending legal claims by the filing of an EEOC complaint.  An emphasis has been placed on whether the defendant is an individual or an institution, the defendant is being sued in their personal or official capacity and whether the defendant was personally notified of the pending EEOC claims, or not.  Huertas-Gonzalez, 520 F. Supp. 2d at 317-18;  Leon-Nogueras, 964 F. Supp. at 589.

In Huertas-Gonzalez, the court looked to the record and searched for something indicative of the party being hailed to court having received, via the EEOC proceeding, notice of potential claims that could be lodged against them in their personal capacities. It ruled against the Plaintiff and found that the defendants had not been "personally notified": "nowhere in the record does it show that [co-defendant being sued in his official and personal capacities] was personally notified of the filing of the EEOC claim nor of the EEOC's final decision."  Huertas-Gonzalez, 520 F. Supp. 2d at 318.  In Leon-Nogueras, the plaintiff similarly did not "not provide[] any evidence

20

**Civil No. 15-1147 (GAG)**

that [defendant] was ever personally notified of the administrative charge." <u>Leon-Nogueras</u>, 964 F. Supp. 589-90 (D.P.R. 1997) (emphasis added).  This court believes this emphasis on evidence of defendants being "personally notified" is the proper approach that comports with the purpose of Puerto Rico's tolling statute.  It is not bitterly formulaic, but rather, grounded in common sense, practicality and justice to the parties being hailed to a court on a case by case basis.

With this in mind, this court takes a step back and approaches this delicate question with respect and a keen eye on the interest of justice.  Plaintiff is correct to argue that the Individual Defendants, as both the alleged active wrongdoers and supervisor-employees of the Commonwealth Defendants, should be assumed as having, at the very least, some knowledge of the salient grievances of the complaint lodged with the EEOC.  (<u>See</u> Docket No. 17 at 11).  But this court also recognizes that the EEOC complaint, dated November 11, 2013, is only addressed to the Individual Defendants in their official capacities as employees of the Commonwealth Defendants, not as individuals in their personal capacity.  (<u>See</u> Docket No. 16-1).  At this stage of the litigation, with no more information before this court to decide whether the Individual Defendants in their personal capacities were "personally notified," the balance of equities favors denial of the Defendant's motion to dismiss Law 17 and Law 69 claims as time-barred.  To be sure, an administrative charge before the EEOC is the functional equivalent of a claim brought before a court, but the Individual Defendants deserved to be personally notified of pending claims against them the moment they accrued and further evidence may shed light on the matter.  Nevertheless, this court cannot say for certain what would constitute proper notice to the Individual Defendants in their personal capacity and persuasive precedent suggests that such an inquiry is context-dependent and fact-specific.

**Civil No. 15-1147 (GAG)**

As such, this court **DENIES without prejudice** Defendants' motion to dismiss Plaintiff's supplemental claims under Puerto Rico Law 17 and Law 69 claims as time-barred.

### ii. Individual Defendants and Law 115

Next, Defendants argue that Plaintiff's claims against the Individual Defendants in their personal capacity should be dismissed because Law 115 only applies to employers, not supervisors. (See Docket No. 11 at 12-13). Plaintiff counters that there is no binding precedent interpreting the wording of Law 115 to *not* apply to supervisor employees in their personal capacity and that this court should adopt the reasoning of those courts that have deemed Law 115 to apply to supervisor employees. (See Docket 17 at 9). While this issue remains to be decided by the Puerto Rico Supreme Court, and this court recognizes a conflict between decisions on the matter, this court has held before that Law 115 is not actionable against supervisors in their personal capacity and remains unpersuaded that its reach extends to supervisors. This court therefore declines Plaintiff's invitation to hold otherwise.

Law 115 "protects employees that collaborate in investigations or offer testimony before an administrative, judicial or legislative forum, form adverse actions by their employers." Salgado-Candelario v. Ericsson Caribbean, Inc., 614 F. Supp. 2d 151, 177 (D.P.R. 2008) (citing Tit. 29 § 194a). In Otero-Merced v. Preferred Health Inc., 680 F. Supp. 2d 388, 393 (D.P.R. 2010), this court noted, as it does today, that the question of individual liability under Law 115 has gone unanswered by the Puerto Rico Supreme Court. As a result, there is no definitive agreement on the exact contours of Law 115's web of liability. See Rivera Maldonado v. Hosp. Alejandro Otero Lopez, 614 F. Supp. 2d 181, 197 (D.P.R. 2009) (finding no individual liability under Law 115, relying on findings by the Puerto Rico Court of Appeals in Vargas Santiago v. Álvarez Moore, 2006 WL 3694659 (P.R. Cir. 2006)), cf. Hernández v. Raytheon Serv. Co. P.R., 2006 WL

22

**Civil No. 15-1147 (GAG)**

1737167, at *2 (D.P.R. 2006) (concluding the opposite, relying on the liberal construction employed by the Puerto Rico Supreme Court in Rosario Toledo v. Distribuidora Kikuet, 151 P.R.Dec. 634 (2000), in favor of employees in discrimination cases).

Nevertheless, this court recognized in Otero-Merced that "[i]n 2003 and in 2006, the Puerto Rico Court of Appeals issued cogent, instructive decisions wherein it discussed the implications of [the Puerto Rico Supreme Court's decision in] Kikuet, comparing the language and purpose of Law 100 with that of Law 115." Id. at 393 (citing Vargas Santiago, 2006 WL 3694659 (P.R. Cir. 2006), Rivera Maldonado, 614 F. Supp. at 197; Sánchez Barreto, 2003 WL 23336311 (P.R. Cir. Nov. 6, 2003)). "The court, in both [cases], determined that no individual liability exists under Law 115." Otero-Merced, 680 F. Supp. 2d at 393 (citing Vargas Santiago, 2006 WL 3694659 at *5; Sánchez Barreto, 2003 WL 23336311, at *4). As interpreted by the Puerto Rico Court of Appeals, this means that any action commenced under the provisions of Law No. 115 shall be filed only against the employer. See Vargas Santiago, 2006 WL 3694659 at *5. In accordance with the foregoing, to the extent that Law 115 retaliation claims are alleged as to the Individual Defendants in the personal capacity, this court **GRANTS** Defendant's motion to dismiss at Docket 11 as to the Individual Defendants.

### iii.   The Eleventh Amendment

Defendants argue that Plaintiff's Puerto Rico law gender discrimination and retaliation claims under Law 17, Law 69 and Law 115 against the Commonwealth Defendants are barred by the Eleventh Amendment to the Constitution of the United States and should be dismissed with prejudice. (See Docket No. 11 at 18-22). As mentioned before, all of the Plaintiff's Section 1983 claims have been dismissed on other grounds. Plaintiff acknowledges, but does not dispute, Defendant's sovereign Eleventh Amendment immunity argument. (See Docket 17 at 3).

Civil No. 15-1147 (GAG)

The Eleventh Amendment bars suits in federal courts for damages against any state without its consent. Díaz Morales v. P.R., No. 2015 WL 474251, at *3 (D.P.R. Aug. 11, 2015); Fresenius Med. Care Cardiovascular Res., Inc. v. P.R. and Caribbean Cardiovascular Ctr. Corp., 322 F.3d 56, 61 (1st Cir. 2003); Futura Dev. v. Estado Libre Asociado, 144 F.3d 7, 12-13 (1st Cir. 1998)). "The Commonwealth of Puerto Rico is considered a state for purposes of the Eleventh Amendment." Cruz v. P.R., 558 F. Supp. 2d 165, 173 (D.P.R. 2007) (citing Metcalf & Eddy, Inc. v. P.R. Aqueduct & Sewer Auth., 991 F.2d 935, 939 n.3 (1st Cir. 1993); De Leon Lopez v. Corp. Insular de Seguros, 931 F.2d 116, 121 (1st Cir. 1991); P.R. Ports Auth. v. M/V Manhattan Prince, 897 F.2d 1, 9 (1st Cir. 1990)). Eleventh Amendment immunity protects the state and the arms or alter egos of the state. Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Co. of the Commonwealth of P.R., 818 F.2d 1034, 1036 (1st Cir. 1987); see also Vaqueria Tres Monjitas, Inc. v. Irizarry, 587 F.3d 464, 477 (1st Cir. 2009) (citations omitted) ("An administrative arm of the state is treated as the state itself for the purposes of the Eleventh Amendment, and it thus shares the same immunity."). Additionally, the Eleventh Amendment protects a state official from suits against him or her in his or her official capacity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citations omitted) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office[,]" which "is no different from a suit against the State itself.").

Although not in dispute in the instant action, this court notes that the Family Department of the Commonwealth of Puerto Rico is an arm or "alter ego" of the Commonwealth of Puerto Rico and is therefore cloaked with the mantle of Eleventh Amendment sovereign immunity. González De Blasini v. Family Dep't, 278 F. Supp. 2d 206, 210 (D.P.R. 2003) ("Thus, the relevant factors lead the Court to conclude that the Department is an arm or 'alter ego' of the

**Civil No. 15-1147 (GAG)**

State, and is entitled to immunity under the Eleventh Amendment."), *cited with approval* <u>Torres-Alamo v. P.R.</u>, 502 F.3d 20, 24 (1st Cir. 2007).  Accordingly, this court holds that Plaintiff cannot sue the Commonwealth Defendants and Individual Defendants in their official capacities for monetary damages and these claims are dismissed with prejudice.

However, the Eleventh Amendment does not prevent suits against state officers for money damages to be paid out of their own pockets, such as an officer being sued in her or her personal capacity.  <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985) (discussing distinction between suits against an officer in an individual as opposed to an official capacity).  The Eleventh Amendment also does not bar official capacity suits against state officers for injunctive or declaratory relief brought pursuant to federal law.  <u>Maloy v. McClintock</u>, 2011 WL 2911800 at *4 (citing <u>Ex parte Young</u>, 209 U.S. 123, 159-60 (1908)).  As a result, Plaintiff's claims against the Individual Defendants in their personal capacity and any injunctive or declaratory relief sought against the Commonwealth Defendants and Individual Defendants in their official capacity are not affected by the Eleventh Amendment and remain pending before this court.

Thus, pursuant to the Eleventh Amendment, Plaintiff cannot maintain claims for monetary damages against the Commonwealth Defendants and Individual Defendants in their official capacities.  This court **GRANTS in part and DENIES in part** Defendants' motion to dismiss Plaintiff's supplemental state law claims against the Commonwealth Defendants and Individual Defendants in their official capacities.  Plaintiff's claims for monetary damages against the Commonwealth Defendants and the Individual Defendants in their official capacities are **DISMISSED with prejudice**.

25

**Civil No. 15-1147 (GAG)**

## IV.     Conclusion

Accordingly, for the reasons articulated in this opinion, this court **GRANTS in part and DENIES in part** Defendants' motion to dismiss at Docket No. 11.  Pending before this court are the Plaintiff's sexual harassment and retaliation claims under Title VII against the Commonwealth Defendants and the Individual Defendants in their official capacity and Plaintiff's Law 17 and Law 69 claims against the Individual Defendants in their personal capacities.   The court hereby **DISMISSES** Plaintiff's Title VII claims against the Individual Defendants in their individual capacity, Section 1983 claims; and Law 115 against Individual Defendants. To the extent that Plaintiff's claims against the Commonwealth Defendants and Individual Defendants in their official capacity request monetary damages, those claims are likewise **DISMISSED with prejudice**.

**SO ORDERED.**

In San Juan, Puerto Rico this 30th day of September, 2015.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI

United States District Judge

26